UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
K-WORLD LINE CO., LTD.,

                                 Plaintiff,      09 CV

-v-

VERIFIED COMPLAINT

JR SHIPPING ENTERPRISES LIMITED,

                                 Defendant.
------------------------------------------------------------x



Plaintiff, K-WORLD LINE CO., LTD. (hereinafter "K-WORLD LINE"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendant, JR SHIPPING ENTERPRISES LIMITED (hereinafter "JR SHIPPING"), alleges upon information and belief as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff, K-WORLD LINE, was and still is a foreign business entity duly organized and existing pursuant to the laws of Korea, with a principal place of business at: Rm 510, World MerdianBiz Center, #15-13Ga, Yangpyung Dong, Youngdeungpo-Gu, Seoul, Korea.

3.  At all times material hereto, Defendant, JR SHIPPING, was and still is a foreign business entity with a principal place of business at: Room 1802 No. 268 Zhong Shan Road (s) Shanghai, China.

## AS A FIRST CAUSE OF ACTION

4.  On August 12, 2009, K-WORLD LINE, as owners of the M.V. EASTERN FORTIS, and JR SHIPPING, as charterers, entered into a voyage charter party agreement for the carriage of a 5,700 to 5,800 metric ton cargo of tapioca from Kosichang, Thailand to Lianyungang, China. *A copy of the Fixture Note agreement is annexed hereto as Exhibit 1.*

5.  This voyage charter party agreement is a maritime contract.

6.  Pursuant to the terms and conditions agreed between the parties in the August 12, 2009, charter party contract, JR SHIPPING agreed to, among other things, pay K-WORLD LINE detention charges at the rate of US$3,500 per day.

7.  In accordance with the terms of the charter party agreement, the vessel was delivered to the loading port of Kosichang, Thailand on August 17, 2009 and tendered Notice of Readiness on the same day.

8.  As a result of JR SHIPPING's failure to prepare the cargo to be loaded by the agreed date, loading operations were not commenced until August 24, 2009. The period of time for which the vessel incurred detention charges arising from JR SHIPPING's failure to fulfill its obligations in accordance with the parties' agreement at the loading port was 6.85 days.

9.  JR SHIPPING, in breach of the terms of the August 12, 2009 charter party agreement, has failed, neglected, and/or otherwise refused to pay Plaintiff for the full

Chalos & Co ref: 2059.031

amount of detention charges. To date, the total amount of detention charges which remain due and owing to K-WORLD LINE by JR SHIPPING is US$23,361.80.[1]

10. Plaintiff K-WORLD LINE rendered an Invoice to JR SHIPPING on September 1, 2009, for the amount of US$ 23,361.80 due and owing to K-WORLD LINE, however, these amounts remain outstanding. *A copy of this Invoice is annexed hereto as Exhibit 2.*

11. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to Hong Kong arbitration with English law to apply. English law provides that the prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$25,833.82.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in Hong Kong arbitration.

13. Plaintiff intends to commence Hong Kong arbitration if it does not timely receive the amounts due and owing to it from Defendant. As best as can now be estimated, Plaintiff K-WORLD LINE expects to recover the following amounts from Defendant if it proceeds to Hong Kong arbitration:

|   |   |   |
|---|---|---|
| A. | Principal claim of Detention Charges: | *$23,361.80* |
| B. | Estimated interest on Principal claim: 3 years at 7.5%, compounded quarterly | *$5,833.82* |
| C. | Estimated attorneys' fees: | *$ 10,000.00* |

---

[1] The total amount owing to Plaintiff arises from detention charges at a rate of US$3,500.00 per day over a period of 6.85 days (from August 17, 2009 to August 24, 2009). US$3,500.00 x 6.85 = US$23,975.00, less US$613.20 for dispatch: US$23,975.00 – US$613.20 = US$ 23,361.80.

Chalos & Co ref: 2059.031

|   |   |   |
|---|---|---|
| D. | Estimated arbitration costs/expenses: | *$ 10,000.00* |
|   | **Total Claim** | **$ 49,195.62** |

14. Therefore, K-WORLD LINE's total claim for breach of the maritime contract against JR SHIPPING is in the aggregate US$49,195.62.

## BASIS FOR ATTACHMENT

15. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

16. Defendant is continuously engaged in international shipping and conducts business in U.S. Dollars. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

17. All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers

18. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or

charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Affidavit of George M. Chalos (*attached hereto as Exhibit 3*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of US$49,195.62 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

Chalos & Co ref: 2059.031

C.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
October 14, 2009

By: CHALOS & CO, P.C.
Attorneys for Plaintiff
K-WORLD LINE CO., LTD.

_____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

Chalos & Co ref: 2059.031

# EXHIBIT 1

13/08 2009 12:25 FAX +86 2  3321007      L Z LTD                                    ☒001

# FIXTURE NOTE

REF : 090801DC                                      DATE: 12ND AUG' 09.

IT IS THIS DAY 12ND AUG 2009 MUTUALLY AGREED BETWEEN THE CHARTERER : JR SHIPPING ENTERPRISES LTD -27TH FL HPEWELL CENTER 183 QUEENS RAOD EAST, HONG KONG AND THE SHIPOWNER K-WORLD LINE – KOREA ON THE FOLLOWING TERMS AND CONDITIONS :

VESSEL NAME: : MV. EASTERN FORTIS /OPEN BANGKOK , THAILAND 14TH AUG 2009, BLT 1989, DWT 7,025, KOREA FLAG, 2H/2H/ LOA/BM/DEPTH: 97.74m / 18.0m/ 12.50m / DRK: 17Tx4. GR/BL CAPA : 12,492/11,637CBM WOG.

1. 5700 - 5800 MT THAILAND TAPIOCA CHIPS (SF ABT 1.8) TO FULL CAPACITY ON CHOPT
2. LOADING PORT:1SAP KOSICHANG
3. DISCHARGING PORT: 1SBP LIANYUNGANG, CHINA
4. LAY/CAN: 15TH – 20TH AUG .2009
5. LOADING/DIS RATE: 4,000MT PER WWD SHEX UU /CQD
6. FREIGHT: USD '     · PMT ON   F.I.O.S.T.BSS 1/1
7. FULL FREIGHT PAYABLE IN US CURRENCY INTO OWNERS NOMINATED BANKERS W/I 3 BK DAYS AFTER SIGNING/ RELEASING ORIGINAL BILL MARKED "FREIGHT PAYABEL AS PER CHARTER PARTY" OR "FREIGHT COLLECT". IF B/L MARKED "FREIGHT PREPAID", IN WHICH CASE, BS/L TO BE RELEASED AGAINST FREIGHT PAYMENT BANK SLIP, BUT ALWAYS B.B.B... FULL FREIGHT DEEMED EARNED PRORATA AS CARGO BEING LOADED, DISCOUNTLESS NON-RETURNABLE SHIP AND/OR CARGO LOST OR NOT LOST. IN CASE OF NON-PRESENTATION OF ORIGINAL BS/L AT DISCHARGING PORT, CARGO TO BE DELIVERED/RELEASED AGAINST ORIGINAL BS/L OR RECVRS' BANK GUARANTEE WORDING AS PER OWRS PNI CLUB FORM AND SHIPPER'S & CHARTERER'S LOI
8. DEMURRAGE /DESPATCH : USD 3500 PER DAY OR PRO RATA /HALF.DEM IF ANY TO BE SETTLED WITHIN 3 WORKING DAYS AFTER COMPLETION OF DISCHARGING AGAINST SUPPORTING DOCUMENTS.
9. DETENTION CHARGES AT THE RATE OF USD 3500 PER DAY OR PRO RATA IF TIME LOST IN WAITING FOR CARGOS AND/OR DOCUMENTS UPON VSL'S ARRIVAL AT BENDS
10. NOR TO BE TENDERED IN WORKING HOUR BY CABLE AND /OR TELEX ON VSL'S ARRIVAL WHETHER IN FREE PRATIQUE OR NOT, WHETHER CUSTOMS CLEARED OR NOT, WHETHER IN BERTH OR NOT, WHETHER IN PORT OR NOT, LAYTIME COMMENCE TO COUNT FROM 13:00 HOURS, IF NOR TENDERED BEFORE NOON AND 08:00 HOURS THE NEXT DAY IF NOR TENDERED AFTER NOON, UNLESS WORKED SOONER WHEREUPON LAYDAYS TO BEGIN.
11. TAXES A/O DUES ON CGO A/O CARGO DOCS TO BE FOR CHARTS ACCOUNT. THE SAME ON VESSEL/FLG/FREIGHT/VESSEL DOCS TO BE FOR OWNER ACCOUNT.
12. LIGHTERAGE/LIGHTENING/SHIFTING IF ANY TO BE FOR CHTRS ACCOUNT.
13. OWNRS AGT BOTH ENDS.
14. OWNER/MASTER KEEP CHTRS/AGT /75/3/2/1 DAY(S) NOTICE OF VESSEL'S ETA AT BOTH ENDS
15. AT LOAD AND DISCH PORT, DARFT SURVEY TIME/COST TO BE FOR OWNER/CHARTER 'S ACCOUNT AND CARRIED OUT BY AN INDEPENDENT SURVEYOR WITH ACCOMPANY BY MASTER OR C/O.
16. SHORE CRANE /FLOATING CRANE IF ANY TBF CHTRS'S ARRANGEMENT AND ACCT AT BENDS IN CASE OF VESSEL'S DERRICK/CRANE IS OUT OF ORDER.
17. FUMIGATION IF ANY TO BE FOR CHARTERER ACCOUNT AT LOAD PORT AND/OR AT DISCPORT, OWNER ALLOWS TTL 12 HOURS FREE TIME. CHTR PAY USD500 AS BONUS TO OWRS TOGETHER WITH OCEAN FREIGHT.
18. OTHER TERMS AS PER GENCON 94
19. ARBITRATION IN HONGKONG AND ENGLISH LAW TO APPLY.
20. COMM 2.50 IAC ( 1.25 % FOR VIETFRACHT QUINHON)

END

FOR & ON BEHALF OF CHARTERER                    FOR & ON BEHALF OF SHIPOWNER



# EXHIBIT 2



# K-WORLD LINE CO., LTD.

RM.510 WORLD MERIDIAN BIZ CENTER, 15-1 3GA YANGPYUNG-DONG, YOUNGDEUNGPO-GU, SEOUL, KOREA
TEL: +822-2165-8585~8588    FAX: +82-2-2165-8589    E-MAIL: kwl@k-worldline.com

## INVOICE

1ST / SEP / 2009

TO      : JR SHIPPING ENTERPRISES LTD
VESSEL  : MV "EASTERN FORTIS"
SUBJECT : DETENTION AND DEMURRAGE

| DESCRIPTION | QUANTITY | RATE | AMOUNT |
|---|---|---|---|
| DETENTION CHG<br>FROM 12:35LT / 17TH / AUG ~ 09:00LT / 24TH / AUG / 2009:<br>6D 20H 25M : 6.850 DAYS | 6.850 | US$ 3,500.0 | US$ 23,975.00 |
| DISPATCH | | | US$ - 613.20 |
| TOTAL | | | US$ 23,361.80 |

| TOTAL | USD 23,361.80 |
|---|---|

Please pay the above amount to our account at your earliest convenience

* BANK DETAILS
    KOREA EXCHANGE BANK YEONG DEUNG PO BRANCH
    * ACCOUNT NO : 650 - 006185 - 097 (USD)
        BENEFICIARY : K-WORLD LINE
        SWIFT : KOEXKRSE



# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
K-WORLD LINE CO. LTD.,

                                  Plaintiff,         09 CV

-v-

JR SHIPPING ENTERPRISES LIMITED,      **ATTORNEY'S DECLARATION THAT DEFENDANT CANNOT BE FOUND IN THE DISTRICT**

                                  Defendant.
-----------------------------------------------------------------x

       This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff, K-WORLD LINE CO. LTD., in order to secure the issuance of a Summons and Process of Maritime Attachment and Garnishment in the above-entitled, in personam, Admiralty cause.

       Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.**, declares under the penalty of perjury:

       I am a Member of the firm of CHALOS & CO, P.C., attorneys for Plaintiff in the above referenced matter.

       I am familiar with the circumstances of the Verified Complaint, and I submit this declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of the defendant, JR SHIPPING ENTERPRISES LIMITED, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

       I have personally inquired or have directed inquiries into the presence of the defendant in this District.

       I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have determined that, as of October 15, 2009, the defendant is not incorporated pursuant to the laws of New York,

and have not nominated any agent for the service of process within the Southern District of New York.

I have inquired of Verizon Telephone Company whether the defendant can be located within this District. The Verizon Telephone Company has advised me that the defendant does not have any telephone number listings within this District.

I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendant within this District.

I have engaged in a Google search as to whether the defendant can be located within this District. The Google search results did not provide any information that defendant is found in this District.

I am unaware of any general or managing agent(s) within this District for the defendant.

In that I have been able to determine that the defendant has not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendant can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendant does not have sufficient contacts or business activities within this District and does not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon my own investigation that the defendant, JR SHIPPING ENTERPRISES LIMITED, cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: Oyster Bay, New York
      October 15, 2009

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              K-WORLD LINE CO., LTD.,

            By: _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (516) 750-9051
                              Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
K-WORLD LINE CO., LTD.,

                                  Plaintiff,        09 CV

-v-

                                                          **VERIFICATION OF**
JR SHIPPING ENTERPRISES LIMITED,        **COMPLAINT**

                                Defendant.
------------------------------------------------------------------x

     Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

1. I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, K-WORLD LINE CO., LTD., herein;

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

     I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
         October 15, 2009

                                                          CHALOS & CO, P.C.
                                                          Attorneys for Plaintiff
                                                          K-WORLD LINE CO., LTD.,

                          By:      _____
                                           George M. Chalos (GC-8693)
                                           123 South Street
                                           Oyster Bay, New York 11771
                                           Tel: (516) 714-4300
                                           Fax: (516) 750-9051
                                           Email: gmc@chaloslaw.com

Chalos & Co. Ref: 2059.031